hLOBRANO, Judge.
The Department of Labor for the State of Louisiana obtained a judgment against Thomas L. Smith making executory a prior assessment against him for unpaid unemployment compensation contributions. The judgment was obtained pursuant to the provisions of La. R.S. 23:1721, et seq. Smith appeals asserting various procedural errors by the State, including lack of notice, failure to comply with statutory provisions and violation of his due process rights.
The controlling statutes appear in Part X of Chapter 11 of Title 23 entitled “Alternative Collection Procedures and Assessments.” Those statutes provide alternative collection remedies when an employer fails to pay unemployment compensation. If an employer fails to pay the contributions required by law, the Administrator of the Office of Employment Security[1] shall cause an audit to be made. If it is determined that an amount is due, the administrator must notify the employer of his intent to assess that amount after the expiration of ten calendar days from the notice. La. R.S. 23:1722. If the employer does not protest within those ten days, as provided in La. R.S. 23:1723, the assessment is then made. The administrator is required to evidence the ^assessment in a writing which must include the employer’s name, the amount due and the taxable period for which the assessment is due. La. R.S. 23:1724. The administrator shall notify the employer of the assessment by registered or certified mail at the employer’s last known address. La. R.S. 23:1726. If the employer is dissatisfied with the final assessment, he may file a petition for judicial review within *126 ten days of the notice of assessment. La. R.S. 2S:1728.[2]
Revised Statute 23:1726 provides that the legal effect of an assessment “shall be tantamount to and the equivalent of judgments of courts.” The notice of assessment may be recorded and such recordation shall have the same legal effect as a judgment and shall operate as a first lien on the property of the employer. La. R.S. 23:1727. “Assessments being tantamount to and the equivalent of judgments may be made executory in any Louisiana court of competent jurisdiction.” La. R.S. 23:1729. The procedure for making an assessment executory is set out in La. R.S. 23:1730, which provides:
The administrator may file an ex parte petition complying with Article 891 of the Code of Civil Procedure together with a copy of the notice of assessment annexed praying that the assessment be made exec-utory. The court shall immediately render and sign this judgment making the assessment of the administrator executory.
The assessment thus made executory may be executed and enforced immediately as if it had been a judgment of that court rendered in an ordinary proceeding.
In the instant case, the State filed its petition on October 10, 1996, to make execu-tory its assessment against Smith. The court signed the judgment the next day, October 11th. The record shows that the petition and judgment were personally served on Smith on October 21, 1996. Smith filed a dilatory exception |3on October 31, 1996. A notation at the bottom of the exception indicates it was dismissed with prejudice on December 4, 1996.
Smith argues that the relief sought in the petition and granted in the judgment are not in accord with the assessment attached to the petition. Specifically, paragraph 2 of the petition alleges that on June 1 1996 an assessment was made against Smith pursuant to R.S. 23:1721, et seq. in the amount of $37,493.38 together with interest, penalties and attorney fees. However, the assessment attached to the petition is dated March 11, 1996, and reflects an amount of $9,762.28. Smith asserts that the judgment cannot differ from the assessment upon which it is allegedly based. We agree.
The statutory scheme of the “Alternative Collection Procedures and Assessments” makes clear that the procedural mechanism which results in an assessment satisfies the due process requirements of notice and an opportunity to be heard. That is, the employer is notified, first, of the administrator’s intent to assess. The employer is entitled to a hearing to contest that determination. Then, after the assessment is imposed, the employer has the right to judicial review. Once the assessment is final, only then does it equate to a judgment and is subject to being made executory. The reason being that once the employer has exhausted all of his administrative statutory remedies the assessment is clothed with the protection due process affords. Thus, making it executory is a perfunctory matter for enforcement.
The procedure is identical to making Louisiana judgments executory in district courts other than the rendering district court. La. C.C. Pro. arts. 2781 and 2782. Implicit in this procedure, however, is the basic requirement that the substance of the judgment or, in this case, assessment, cannot be changed since it|4was obtained in compliance with due process. Otherwise, the due process safeguards would be meaningless.
The obvious reason for the requirement that a copy of the notice of assessment be attached to the petition' is to insure that the executory judgment is in the same amount. A judgment which is different from the actual assessment cannot be valid and enforceable because there can be no presumption of compliance with due process.
Accordingly, because the judgment is not in accord with the assessment annexed to the petition, it is annulled and set aside.[3]
*127 JUDGMENT ANNULLED AND SET ASIDE.

. The law designates the Secretary of Labor as the administrator. La. R.S. 23:1472(1).

. Venue is cither the district court in East Baton Rouge Parish or the district court wherein the employer maintains his principal place of business.

. The State has failed to file a brief, thus we do not know their response to plaintiff's argument. However, paragraph 3 of the petition references La. R.S. 23:1546(A) which provides, inter alia, that the filing of a statement of default shall act *127 as a lien on the employer’s property, not only for the amount shown on the delinquent statement, but for all subsequent unpaid contributions. We find this statute inapplicable to the instant case for two reasons. First, it appears in Part III of Chapter 11, which is totally different than Part X. Second, and more important however, is the fact that R.S. 23:1546 deals with ranking priorities of an assessment and obviously intends, for ranking purposes, to include all subsequent unpaid amounts and not just those listed on the assessment.