| iJONES, Judge.
The State of Louisiana, Department of Labor, Office of Employment Security filed an exparte petition to have an assessment against S/J Travel Executives New Orleans, *820 Ine. (SJ Travel), made executory. The First City Court, Parish of Orleans, Judge Charles Imbornone, entered judgment in favor of the State of Louisiana from which the Defendant appeals.

FACTS

On February 6, 1997, the State filed an exparte petition to have an assessment against Defendant, SJ Travel, made executo-ry. The judgment was entered, pursuant to LSA-R.S. 23:1730, in the amount of $709.53. On appeal the Defendant argues the State failed to comply with the statutory notice provision, thereby violating his due process rights.

DISCUSSION

SJ Travel argues that the controlling statutes appear in Part X of Chapter 11 of Title 23 entitled “Alternative Collection Procedures and Assessments.” TheJjstatutes provide alternative collection remedies when an employer fails to pay unemployment compensation taxes. If an employer fails to pay the contributions required by law, the administrator of the Office of Employment Security shall cause an audit to be made. Should there be a determination that an amount is due, the administrator must notify the employer of his intent to assess the amount after the expiration of ten calendar days from the date of the notice. LSA-R.S. 23:1722. If the employer does not protest within ten days, the assessment is made. LSA-R.S. 23:1723. The administrator is required to evidence the assessment in a writing which must include the employer’s name, the amount due and the taxable period for which the assessment is due. LSA-R.S. 23:1724. The administrator shall notify the employer of the assessment by registered or certified mail at the employer’s last known address. LSA-R.S. 23:1725. If the employer is dissatisfied with the final assessment, he may file a petition for judicial review within ten days of the notice of assessment. LSA-R.S. 23:1725.
The legal effect of an assessment “shall be tantamount to and equivalent of judgments of courts.” LSA-R.S. 23:1726. The notice of assessment may be recorded and recordation shall have the same legal effect as a judgment and shall operate as a first lien on the property of the employer. LSA-R.S. 23:1727. “Assessments being tantamount to and the equivalent of judgments may be made executory in any Louisiana court of competent jurisdiction.” LSA-R.S. 23:1729.
The procedure for making an assessment executory is set out in LSA-R.S. 23:1730, which provides:
The administrator may file an exparte petition complying with article 891 of the Civil Code of Procedure together with a copy of the notice of assessment annexed praying that the assessment be made executory. The court shall immediately render and sign this judgment making the assessment of the administrator executory.
hThe assessment thus made executory may be executed and enforced immediately as if it had been a judgment of that court rendered in an ordinary proceeding.
In the instant case, the State filed its petition on February 6,1997, to make execu-tory its assessment against SJ Travel. The court signed the judgment the same day. The Defendant claims the judgment violated his rights guaranteed by the Due Process Clause of the United States Constitution and the Louisiana Constitution. The record indicates that a copy of the notice of assessment was filed with the ex parte petition as required by La.R.S. 23:1730. However, that filing is not dispositive of the issue presented to this Court.
In State, Dept. of Labor, Office of Employment Security v. Smith, 97-0244, (La.App. 4 Cir. 8/20/97), 699 So.2d 125, 126, this court delineated the statutory procedure for making an assessment executory by explaining that:
The statutory scheme of the Alternative Collection Procedures and Assessments makes clear that the procedural mechanism which results in an assessment satisfies the due process requirements of notice and an opportunity to be heard. That is, the employer is notified, first of the administrator’s intent to assess. The employer is entitled to a hearing to contest the de *821 termination. Then, after the assessment is imposed, the employer has a right to judicial review. Once the assessment is final, only then does it equate to a judgment and is subject to being made executory. The reason being that once the employer has exhausted all of his administrative remedies the assessment is clothed with the protection due process affords. Thus, making it executory is a perfunctory matter for enforcement.
LSA-R.S. 23:1725, requires the administrator to notify the employer by registered or certified mail. This statutory requirement of notice is a procedural mechanism which protects the employer’s due process rights by guaranteeing him the opportunity to be heard. State and federal due process require that the right to notice and an opportunity to be heard must be granted. Parker v. French Market Corp., 615 So.2d 1347 (La.App. 4 Cir.1993). Mandating that notice be provided |4by certified or registered mail is an essential requirement in the outlined procedure of this article.
In this case the petition to have judgment made executory was in proper form. However, the record is void of any evidence which would suggest that the Defendant was notified of the assessment, by certified or registered mail, as required by LSA-R.S. 23:1725. It follows that a judgment cannot be valid and enforceable when statutory procedural requirements, which protect a party’s due process rights, have not been satisfied.
Accordingly, because the procedural due process requirements have not been satisfied the assessment is hereby vacated and set aside.

JUDGMENT VACATED AND SET ASIDE.

hON APPLICATION FOB REHEARING

Upon further consideration, I believe that our original opinion was in error, and accordingly I would grant rehearing in this matter.
The basis of the employer’s appeal in this case is that he alleges he did not receive notice of the assessment issued by the State against him. However, this matter is not properly before us for the reasons outlined herein.
The State of Louisiana filed a petition to have an assessment made executory and attached a copy of the assessment which was addressed to the employer in accordance with statutory provisions. LSA-R.S. 23:1730. In this petition, the State averred that it had complied with the notice provisions of LSA-R.S. 23:1725, which requires the administrator to send a notice of an assessment to the employer’s last known address by certified or registered mail. Pursuant to the provisions of LSA-R.S. 23:1730, the trial court thereafter signed the judgment making the assessment executory. It is from this judgment which the employer appeals.
Under the statutory scheme provided by LSA-R.S. 23:1721 et seq., the State is only required to attach a copy of the assessment to its petition and is not required to provide additional evidence that the employer received notice of the assessment. Further, the law recognizes that in pleading an official act it is sufficient to allege that the act was done in compliance with the law. La. C.C.P. art. 858. Also, Louisiana courts have recognized a presumption that public officials have performed their duties correctly. Bailey v. Cajun 2insulation, 453 So.2d 237, 241 (La.1984), and cases cited therein.
In the present case, the record shows that all requirements of the statutory provisions were complied with, and the judgment was proper in all respects. There is no legal basis for reversal of the trial court’s judgment.
The law does provide a vehicle whereby an employer may challenge the execution of an assessment. Once the State has complied with the statutory provisions and the assessment has been made executory by the trial court, the employer may bring an injunction on the basis that the judgment is legally unenforceable in accordance with the provisions of LSA-R.S. 23:1731. In this case, where an employer contested the receipt of notice of the assessment, the State would be required to put on evidence to prove that notice was sent.
*822 However, this not the ease here. The employer is bringing a devolutive appeal from a judgment of the trial court which was rendered in accordance with the law and is not defective in any way. Although the employer argues a violation of his due process rights on appeal by failing to receive notice, the constitutionality of these statutory provisions was not raised in the trial court and therefore may not be addressed on appeal. The Louisiana Legislature has enacted these statutory provisions which do not require the administrator to submit evidence of notice other than a copy of the assessment, and I Believe it was error for this Court to hold that evidence of notice should have been provided prior to the entering of judgment. For these reasons, I would grant rehearing and affirm the trial court’s judgment.