COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA, DEPARTMENT OF LABOR, OFFICE OF REGULATORY SERVICES, STEPHANIE ROSAYA, ORS CHIEF
VERSUS
UNITED MEDICAL STAFFING, INC.

**********
APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2008-123
HONORABLE DAVID A. BLANCHET, DISTRICT JUDGE

**********
OSWALD A. DECUIR
JUDGE

**********

Court composed of Oswald A. Decuir, Elizabeth A. Pickett, and Chris J. Roy, Sr.*, Judges.

RULE RECALLED.

Kathryn W. Landry
Caprice Brown Ieyoub
Ieyoub & Landry
8180 YMCA Plaza, Ste 10-A
Baton Rouge, LA 70810
(225) 766-0023
COUNSEL FOR PLAINTIFF/APPELLEE
    State of Louisiana, through the Office of Regulatory Services
    Stephanie Rosaya, ORS Chief, Department of Labor

_____

*Honorable Chris J. Roy, Sr., participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**Mark Gerard Artall**
**Attorney at Law**
**109 S. College Road**
**Lafayette, LA 70503**
**(337) 233-1777**
**Counsel for Defendant/Appellant**
        **United Medical Staffing, Inc.**

DECUIR, Judge.

This court, on its own motion, issued a rule to show cause by brief only why the appeal in this case should not be dismissed as premature, citing La.Code Civ.P. art. 2087(D). Finding that a motion for new trial is not available from a judgment making a tax assessment executory pursuant to La.R.S. 23:1730, we hereby recall the rule to show cause and permit this appeal to proceed.

The plaintiff-appellee, the State of Louisiana, Department of Labor, Office of Regulatory Services, Stephanie Rosaya, ORS Chief, made a tax assessment and lien against the defendant-appellant, United Medical Staffing, Inc. The plaintiff avers in its petition which initiated this litigation in district court that, pursuant to the pertinent statutory provisions, the assessment and lien became final and enforceable. Therefore, the plaintiff filed the instant action to have this assessment and lien made executory.

In accordance with the plaintiff's demand, the trial court signed a judgment making the assessment executory on January 9, 2008. The appellant filed a motion for new trial on January 22, 2008, and the trial court signed an order setting the motion for a contradictory hearing to be held on April 14, 2008. Before the hearing date and before the trial court entered a ruling on the merits of the motion for new trial, the appellant filed a motion for a devolutive appeal on March 10, 2008. The trial court granted the order of appeal on March 18, 2008.

Subsequent to the lodging of the record, this court issued the instant rule for the appellant to show cause, by brief only, why this appeal should not be dismissed as premature, citing La.Code Civ.P. art. 2087(D). The parties have

2

filed appellate briefs which address the issue presented in the instant rule. For the reasons discussed below, we recall our rule to show cause based on good cause shown.

This court would first cite the following pertinent laws from Title 23 of the Louisiana Revised Statutes:

### § 1722. Determination and notice of contributions due

If an employer fails to make and file any report required by authority of this Chapter or to pay any contributions, interest, penalty or other payments due under this Chapter, or if a report made and filed does not correctly compute the liability of the employer, the administrator shall cause an audit, investigation or examination to be made to determine the contributions, interest and penalty due by the employer, or if no report has been filed he shall determine the contributions, interest and penalty by estimate or otherwise. Having determined the amount of contributions, interest and penalty due, the administrator shall send a notice by certified or registered mail to the employer at the last known address of the employer setting out the determination of contributions, interest and penalty due and informing the employer of his intent to assess the amount of the determination against the employer after ten calendar days from the date of the notice and that unless the employer protests the determination as provided in R.S. 23:1723 within the ten day period the assessment shall become final.

### § 1723. Protest to determination; procedure; content; delays; hearings

The employer, within the ten day period provided by R.S. 23:1722, may protest the determination of the administrator by sending a protest to the administrator by certified or registered mail. The protest shall fully disclose the reasons, together with facts and figures in substantiation thereof, for objecting to the administrator's determination. The administrator shall consider the protest, and, if timely requested by the employer, shall grant a fair hearing of which a record shall be made before making a final determination of contributions, interest and penalties due.

### § 1724. Assessment

At the expiration of the ten day period provided for in R.S. 23:1722, or at the expiration of such time as may be necessary for the administrator to consider any protest filed to such notice, the administrator may proceed to assess the contributions, interest and penalty that he determines to be due under this Chapter. This

assessment shall be evidenced by a writing in any form suitable to the administrator which states the name of the employer, the amount determined to be due and the taxable period for which the assessment is due. This writing shall be retained as a part of the administrator's official records. The assessment may confirm or modify the administrator's original determination.

## § 1725. Notice of assessment;  reassessment

The administrator shall notify the employer of the assessment by sending a notice of assessment by certified or registered mail to the employer's last known address.

Nothing in this part shall be construed so as to deprive the administrator of the right and power to reassess an employer for any report, contributions, interest or penalty in the event a deficiency in the amount of assessment is discovered.

## § 1726. Legal effect of assessments;  when collectible

All assessments under this part shall be tantamount to and the equivalent of judgments of courts. The assessments are final when made subject only to modification by an appeal as provided in R.S. 23:1728 or reassessment as provided in R.S. 23:1725. Assessments are immediately collectible when made and any employer may waive any delays and notices provided for in this part.

## § 1727. Recordation and effect of notice of assessment

A. The administrator may cause a copy of the notice of assessment to be filed in the mortgage records of any parish in this state without costs in which the administrator believes that the employer is engaged in business, resided or owns movable or immovable property. The notice of assessment when filed for record shall have the same legal effect as a judgment and shall operate as a first lien, privilege, and mortgage on all of the movable or immovable property of the employer from the date of such filing.

B. The notice of assessment shall not affect liens, privileges, chattel mortgages, security interests under Chapter 9 of the Louisiana Commercial Laws, R.S. 10:9-101 et seq., or mortgages already affecting or burdening such property at the date of such filing;  however, such filing shall be sufficient to cover all unpaid contributions, interest, and penalties that may accrue after such filing and the property of such employer shall be subject to seizure and sale for the payment of such contributions, interest, and penalties according to the preference and rank of said lien, privilege, security interest, and mortgage securing their payment.

## § 1728. Appeals;  delays;  venue;  burden of proof

When an employer is dissatisfied with the final assessment, he may within ten days of the date of the notice of assessment file a petition for judicial review of the assessment in either the district court in the parish of East Baton Rouge or in the district court of the parish wherein the employer maintains his principal place of business setting forth allegations of error made by the administrator. The review by the court shall be limited to questions of law, provided that if a hearing has been held the findings of fact by the administrator shall be conclusive if supported by substantial and competent evidence.

No court shall have the power to enjoin or suspend the payment of contributions, interest and penalty during an appeal of an assessment.

## § 1729. Authority for assessments to be made executory by the courts

Assessments being tantamount to and the equivalent of judgments may be made executory in any Louisiana court of competent jurisdiction.

## § 1730. Procedure for making assessment executory and execution thereof

The administrator may file an ex parte petition complying with Article 891 of the Code of Civil Procedure together with a copy of the notice of assessment annexed praying that the assessment be made executory. The court shall immediately render and sign this judgment making the assessment of the administrator executory.

The assessment thus made executory may be executed and enforced immediately as if it had been a judgment of that court rendered in an ordinary proceeding.

## § 1731. Injunction to arrest execution of assessment made executory

The execution of an assessment made executory under this part may be arrested by injunction only if the judgment is extinguished or otherwise legally unenforceable. No temporary restraining order or a preliminary writ of injunction may be issued, however, unless the applicant therefor furnishes security in an amount of one and one-half times the amount of the assessment including contributions, interest and penalty.

Turning to the facts of the instant case, the plaintiff filed this action pursuant to La.R.S. 23:1730. Thus, the prior assessment made against the defendant by the plaintiff was already "tantamount to and the equivalent of" a district court's final judgment. La.R.S. 23:1729. As to the judgment making

5

this assessment executory, the above-quoted statutes do not provide for the filing of a motion for new trial in response to entry of the judgment making the assessment executory.

No jurisprudence has been cited to this court which states whether a motion for new trial will lie from a judgment making an assessment executory. However, we find this statutory scheme analogous to the executory process provisions of the Louisiana Code of Civil Procedure.  *See* La.Code Civ.P. arts. 2631, *et seq.*  As stated in *Commercial Securities Co., Inc. v. Ross*, 318 So.2d 668 (La.App. 2 Cir. 1975), no motion for new trial is available in executory proceedings as discussed in the comments to La.Code Civ.P. art. 2642. Likewise, we find that in the instant statutory scheme, no motion for new trial is countenanced.  Therefore, we hereby recall the Rule to Show Cause issued by this court, thereby permitting this appeal to proceed.

**RULE RECALLED.**