# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 08-767


STATE OF LOUISIANA,
DEPARTMENT OF LABOR
OFFICE OF REGULATORY SERVICES,
STEPHANIE ROSAYA, ORS CHIEF

VERSUS

UNITED MEDICAL STAFFING, INC.


************

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT,
PARISH OF LAFAYETTE, NO. C-2008-0123; DIV. "H"
HONORABLE DAVID A. BLANCHET, DISTRICT JUDGE

************

## JIMMIE C. PETERS
## JUDGE

************

Court composed of Sylvia R. Cooks, John D. Saunders, and Jimmie C. Peters, Judges.


**REMANDED.**


**Caprice Ieyoub**
**Kathryn W. Landry**
**Ieyoub & Landry, L.L.C.**
**Post Office Box 82659**
**Baton Rouge, LA 70884**
**(225) 803-6819**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
      **State of Louisiana, Department of Labor**
      **Office of Regulatory Services**

**Mark G. Artall**
**A Professional Law Corporation**
**109 South College Road**
**Lafayette, LA 70503**

**(337) 233-1777**
**COUNSEL FOR DEFENDANT/APPELLANT:**
  **United Medical Staffing, Inc.**

PETERS, J.

The defendant, United Medical Staffing, Inc. (UMS), appeals from a judgment of the trial court making executory an assessment and lien filed against it by the plaintiff, the State of Louisiana, Department of Labor, Office of Regulatory Services (hereinafter referred to as the "Department" or the "state"). After the judgment was made executory, UMS filed a motion for a new trial, which the trial court set for hearing. However, before the motion could be heard, the trial court granted UMS this present appeal. For the following reasons, we remand the matter to the trial court to allow UMS ten days to file an application for an injunction and to furnish security.

### DISCUSSION OF THE RECORD

On January 7, 2008, the Department filed a petition against UMS seeking to have an assessment for unpaid employer contributions owed to the State of Louisiana made executory. The assessment, which was issued to UMS on March 2, 2007, sought unpaid employer contributions owed by UMS to the state unemployment compensation program in the amount of $3,991.77. The petition asserted that the Department had complied with the notice requirements of La.R.S. 23:1725, that the assessment and lien were final and enforceable, and that they should be made executory pursuant to La.R.S. 23:1730. However, the petition contained no evidence of compliance with the statutory notice requirements. Based on the pleadings, before it, on January 9, 2007, the trial court granted the Department executory judgment as prayed for. The trial court set UMS's subsequently filed motion for new trial for hearing on April 14, 2007. However, before the motion was heard, UMS filed a motion for devolutive appeal, which the trial court granted on March 18, 2008.

On appeal, UMS raised two assignments of error:

1)  The trial court erred in granting an Order of Appeal while a Motion for New Trial was pending.

2)	The trial court erred in granting the Executory Judgment at issue herein because Appellee failed to demonstrate to the Court that it had complied with the statutory requirements of La.R.S. 23:1546 and La.R.S. 23:1721 et seq. and, further, failed to demonstrate to the trial court that due process requirements of notice of opportunity to be heard had been satisfied.

The first assignment of error has already been addressed in *State of Louisiana, Dep't of Labor, Office of Regulatory Servs., Stephanie Rosaya, ORS Chief v. United Medical Staffing, Inc.*, 08-767 (La.App. 3 Cir. 9/24/08), ___ So.2d ___, wherein this court concluded that a new trial is not available in suits in which the Department sought to have a tax assessment made executory. Therefore, we need only address UMS's second assignment of error.

## OPINION

The procedural statutes that address the state's collection of unemployment compensation are set out in La.R.S. 23:1721, *et seq.* One of the vehicles by which the Department may seek to enforce collection of contributions or payments due is by means of an assessment and executory procedure set forth in this series of statutes. La.R.S. 23:1721. The procedure is triggered by the failure of an employer to make and file any report that might be required relating to contributions, interest, penalties, or other payments that might be due under the unemployment compensation scheme. La.R.S. 23:1722. When an employer fails to timely file a required report, the Secretary of the Department of Labor [hereinafter referred to as the "administrator" as defined in La.R.S. 23:1472(1)] has the responsibility of determining the amount owed by the employer and of notifying the employer by certified or registered mail of the determination and the Department's intent to assess that amount within ten calendar days from the date of the notice absent a protest by the employer. La.R.S. 23:1722. The employer's protest rights are set forth in La.R.S. 23:1723, which

2

provides that the employer need only send a protest to the administrator by certified or registered mail within the ten day period set forth in La.R.S. 23:1722.

Absent a timely protest, the administrator is then allowed to proceed to assess the amount due from the employer, and the written assessment shall remain a part of the administrator's official records. La.R.S. 23:1724. Once the assessment is completed, the administrator is required to notify the employer of the assessment by certified or registered mail. La.R.S. 23:1725. Additionally,

> The administrator shall notify the employer of the assessment by sending a notice of assessment by certified or registered mail to the employer's last known address.

> Nothing in this part shall be construed so as to deprive the administrator of the right and power to reassess an employer for any report, contributions, interest or penalty in the event a deficiency in the amount of assessment is discovered.

La.R.S. 23:1725.

An employer dissatisfied with the final assessment has the right to file a petition for judicial review within ten days of the date of the notice of the assessment. La.R.S. 23:1728. Even then, the judicial review process is limited to questions of law and the factual findings of the administrator "shall be conclusive if supported by substantial and competent evidence." *Id.*

In the matter now before us, UMS neither filed a protest under La.R.S. 23:1723 nor sought judicial review as provided for in La.R.S. 23:1728. Therefore, the Department's assessment is "tantamount to and the equivalent of judgments of courts." La.R.S. 23:1276.

The Department's authority for making the assessment executory is found in La.R.S. 23:1730:

> The administrator may file an ex parte petition complying with Article 891 of the Code of Civil Procedure together with a copy of the notice of assessment annexed praying that the assessment be made executory. The court shall immediately render and sign this judgment making the assessment of the administrator executory.
>
> The assessment thus made executory may be executed and enforced immediately as if it had been a judgment of that court rendered in an ordinary proceeding.

The administrator fully complied with this statute, and the trial court granted a executory judgment accordingly. However, La.R.S. 23:1731 provides that,

> The execution of an assessment made executory under this part may be arrested by injunction only if the judgment is extinguished or otherwise legally unenforceable. No temporary restraining order or a preliminary writ of injunction may be issued, however, unless the applicant therefor furnishes security in an amount of one and one-half times the amount of the assessment including contributions, interest and penalty.

In the matter before us, the record establishes that the assessment to UMS was issued on March 2, 2007. Therefore, at that time, and assuming proper notice, the assessment was "tantamount to and the equivalent of" a judgment of the court. La.R.S. 23:1726. UMS took no action during the ten-day window provided for in La.R.S. 23:1728. The first and only indication of notice deficiencies is found in the form of a letter attached to UMS's motion for new trial which is addressed to the administrator and reads as follows:

> Mrs. Smith with the local Louisiana Department of Labor's office (337-262-5542) advised me on June 19, 2007 that your office reclassified the earnings of James Rhodes to that of an employee opposed to that of an independent contractor. As I understand, Mr. Rhodes made a claim for unemployment insurance benefits in September 2006. Prior to that time, Mr. Rhodes performed services as a registered nurse for United Medical Staffing, Inc. and was paid as an independent contractor. It is our position that Mr. Rhodes was in fact an

4

independent contractor and that your classification of his wages was improper.

Accordingly, please consider this letter as a formal request for an administrative tax hearing to protest the tax liability assessed by your office, and further to protest the erroneous classification of James Rhodes as an employee of United Medical Staffing, Inc. Please notify my office of the date and time of the hearing and provide all pertinent information regarding what type of evidence the administrative hearing officer will review.

The letter was signed by Mark G. Artall, but his relationship to UMS is not made clear. However, and again assuming timely mailing of the notice required by La.R.S. 23:1722, this request had no effect on the assessment as it was already final. Once the executory judgment was rendered on January 9, 2008, UMS's only recourse was to seek to arrest the judgement by way of an injunction and it did not follow this procedure.

Despite UMS's failure to pursue the injunctive relief available to it, we feel compelled to follow the supreme court decision in *State, Department of Labor, Office of Employment Security v. S/J Travel Executives New Orleans, Inc.*, 98-548 (La. 5/8/98), 709 So.2d 682, which addressed the very issue now before us. In that matter, the administrator seeking to have an assessment made executory included an affidavit stating that it had complied with the Louisiana Employment Security Law notice requirements in assessing the defendant. As is the case now before us, the defendant in that matter complained that the record contained no evidence that the state had complied with the notice requirements. The fourth circuit reversed the trial court's grant of executory relief on that ground. *State, Dep't of Labor, Office of Employment Sec. v. S/J Travel Executives New Orleans, Inc.*, 97-734 (La.App. 4 Cir. 11/26/97), 704 So.2d 819. However, the supreme court reversed the fourth circuit and remanded the matter to the trial court giving the defendant ten days from the date of its order to

5

seek an injunction to arrest the execution of the judgment pursuant to La.R.S. 23:1731 and to furnish the appropriate security. In following the supreme court's guidance on this issue, we further notice that La.R.S. 23:1731 contains no minimum time in which the defendant can request injunctive relief.

## DISPOSITION

For the foregoing reasons, we remand the matter to the trial court to allow United Medical Staffing, Inc. ten days from the date of this order to file an application for an injunction and furnish security. We assess costs of this matter equally between the parties, $176.72 assessed to the State of Louisiana, Department of Labor, Office of Regulatory Services, Stephanie Rosaya, ORS Chief. La.R.S. 13:5112(A).

**REMANDED.**