318 So.2d 668 (1975)
COMMERCIAL SECURITIES CO., INC.
v.
James ROSS.
No. 12682.
Court of Appeal of Louisiana, Second Circuit.
September 3, 1975.
*669 Clyde Lain, Jr., Monroe, for defendant-appellant.
Pipes & Pipes, by William F. Pipes, Jr., Monroe, for plaintiff-appellee.
Before PRICE, DENNIS and MARVIN, JJ.
MARVIN, Judge.
This is an appeal from an order in executory proceedings instituted in the City Court of Monroe. A writ of seizure and sale issued directing the city marshal to seize and sell with benefit of appraisal, a 1969 Pontiac Bonneville owned by the defendant-appellant, James Ross, which was mortgaged to secure an indebtedness to plaintiff-appellee, Commercial Securities Co., Inc. Ross suspensively appealed, raising the defense of payment and contending that the seizure was premature. Finding these contentions to have no merit, we affirm.
In March, 1972, Ross purchased the Pontiac automobile. To finance the purchase, he executed a promissory note for $2,677.20 to Commercial Securities, payable in thirty monthly installments, secured by the chattel mortgage. The note provided the failure to pay any installment would mature the note in its entirety and that attorney's fees equal to 25 percent of the total amount due would come due should the note be placed with an attorney for collection. The mortgage with which the note was paraphed imported a confession of judgment and a waiver of demand for payment. The mortgage required the payment of a late charge on delinquent installments and required the mortgagor to insure the motor vehicle against loss or damage with a loss payable clause to mortgagee. It was also provided that mortgagor's failure to provide the insurance would allow the mortgagee to secure coverage at the mortgagor's expense, with payments by the mortgagor to begin the month following the last installment.
*670 Ross made monthly payments on the indebtedness beginning in May, 1972. On March 9, 1973, Ross was notified that his insurance coverage had expired and that Commercial Securities was exercising its option under the mortgage to renew the insurance. As a result, a premium of $225.42 was charged to Ross's account.
On June 29, 1973, Ross requested and received an extension on his monthly installments for $18.66, also charged to his account.
On March 11, 1974, Commercial Securities again contacted Ross about renewing the insurance. A charge of $138.64 for this premium was added to the account. The next month, Ross obtained another extension and his account was charged $12.50.
Ross contends he made a "final payment" on October 4, 1975. The amount paid by Ross on the indebtedness during the extended term of the contract totaled $2,446.72. Since no payments were made after October 4, 1974, Commercial Securities elected to mature the note and instituted executory proceedings on January 7, 1975.
The petition for executory process complied with all requirements necessary to effectuate a proper seizure and sale. There is no contention as to authenticity. In addition to this compliance however, Commercial Securities prayed that Ross be ordered to show cause why the writ should not issue. This procedure was followed in order to provide Ross with an opportunity for a hearing under a most liberal interpretation of Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972).
On January 24, 1975, after hearing, judgment was rendered on the rule ordering that the writ of seizure and sale issue. It is from this decree that Ross appeals.
La.C.C.P. Art. 2642 provides the basis through which a party may suspensively appeal from an order issuing a writ of seizure and sale. Generally, on an appeal from such order, the sole contention that can be raised is the authenticity of the process itself. Dufossat and Dufossat v. Laizer, 24 La.Ann. 618 (1872); Franek v. Brewster, 141 La. 1031, 76 So.2d 187 (1917); The Rights of a Defendant in Executory Process, 17 Tulane Law Review 630 (1943). However, the unique facts of this case take this appeal one step further. The judgment ordering the issuance of a writ of seizure and sale also made absolute the rule to show cause why the writ should not issue. The issues litigated at hearing on the rule are properly before this court.
Ross argues that the debt was extinguished by payment and that these executory proceedings are improper. The record discloses Ross's original indebtedness to be $2,677.20. Commercial Securities received payments totaling $2,446.72 during the period beginning in May, 1972, and ending in October, 1974. Ross has not borne the burden of proving extinguishment.
In addition to the original indebtedness, insurance premiums were charged to the defendant's account in 1973 and 1974. Ross contends that Commercial Securities should be denied recovery of these charges since no demand was made that insurance be obtained by him. Alternatively, Ross contends that if demands were made, recovery of the financed premiums should be precluded under R.S. 6:956(F) since no policies or copies were sent to him in accordance with the mortgage provisions. This contention is also without merit. Ross has made no showing that he filed a written complaint with the Louisiana Motor Vehicle Commission as provided in R.S. 6:954 to exhaust his administrative remedies. The chattel mortgage expressly required that insurance coverage be maintained at all times. At the time of expiration of annual coverage in 1973 and again in 1974, Commercial Securities exercised *671 its option in the mortgage to renew the coverage at the expense of Ross after sending Ross letters inviting him to raise objections. Commercial Securities received no response from Ross, renewed the coverage, and added the cost of the premiums to Ross's account. Such action was contemplated by the terms of the mortgage.
Ross next contends that the consideration given for the extensions on June 29, 1973 and April 5, 1974, should be applied to the original indebtedness since the extensions were never granted. Commercial Securities' records show this contention to be falacious. After each payment on the dates specified above, extensions were given to Ross on the records of Commercial Securities.
The final specification of error raised by Ross is that the seizure of the automobile came before the expiration of the delays for applying for a new trial and suspensive appeal. Such contention fails to take into consideration the nature of executory proceedings. La.C.C.P. Art. 2642 and the comments thereunder specifically state that there can be no new trial in executory proceedings. In addition, La.C.C.P. Art. 2721 provides:
"The sheriff shall seize the property affected by the mortgage or privilege immediately upon receiving the writ of seizure and sale, but not before the expiration of the delay allowed for payment in the demand required by Article 2639, unless this demand has been waived.
"The plaintiff shall serve upon the defendant a written notice of the seizure of the property."
In the instant case, notice of seizure was served upon Ross. The demand for payment had been specifically waived. Under the terms of the foregoing article, the city marshal was required to seize the property immediately irrespective of the delay for suspensive appeal. For these reasons, the writ of seizure and sale was properly executed and was not premature.
The judgment of the trial court is affirmed at appellant's cost.
DENNIS, J., concurs.