^JjJLOVE, J.
Plaintiff-Appellee, Standard Mortgage Corporation, filed a Petition for Executory Process concerning a mortgage note that was in arrears owed by Defendant-Appellant, Lakisha Wells. The trial court found in favor of Plaintiff and issued a writ of seizure and sale of the mortgaged property. Defendant is appealing the trial court’s ruling. For the following reasons, we affirm the trial court’s decision.

FACTS AND PROCEDURAL HISTORY

On June 3, 1997, Defendant-Appellant Lakisha Wells (“Wells”) entered into a mortgage agreement with Gilyot Mortgage Corporation for a home in New Orleans, Louisiana, in the amount of $25,562.00. This mortgage note was assigned, transferred, and delivered by Gilyot Mortgage Corporation to Plaintiff-Appellee Standard Mortgage Corporation (“Standard”) on this same date.
On or about March 17, 1999, a fire resulting from faulty wiring damaged Wells’ property. Standard was the depository for payments from the insurance company. Standard issued the first check for an installment payment for repairs to Wells and the contractor, jointly. The contractor commenced work, but Wells alleged the repairs were never completed. According to Wells, the contractor | ^contacted the insurance company directly posing as her husband to obtain possession of the last two checks. The work was never completed, and Wells alleged this prevented her from being able to obtain the proper licenses from the city so that she could lease a portion of her home for revenue. This lack of revenue created a financial hardship on Wells. Wells claimed she contacted Standard to resolve this matter, but it was never settled. Standard alleged that it issued the installment payments to the contractor in accordance with the contract Wells had with the contractor, and made a visual inspection before issuing final payment.
On August 3, 2001, Standard filed a Petition for Executory Process against Wells for being in default for failure to pay mortgage payments from March 1, 2001 to date, and the trial court issued a Writ of Seizure and Sale on August 13, 2001. On October 23, 2001, Wells filed a petition for an Order to Suspend the Seizure and Sale and/or Preliminary Injunction and/or Permanent Injunction and/or Damages and/or for the Return of Seized Property. Wells subpoenaed Standard on three separate occasions to take their deposition regarding the amount due, to which Standard replied that they had no obligation to submit to a deposition. Wells later filed a Motion for Sanctions against Standard for failure to appear at a deposition regarding this matter, and Standard responded by filing an Exception of No Cause of Action.
On January 25, 2002, Wells was ordered to pay all installments due to that date. On February 27, 2002, after motions were made at a contradictory hearing, the trial court denied Wells’ petition for the Order to Suspend the Seizure and Sale and/or Preliminary Injunction and/or Permanent Injunction and/or Damages and/or for the Return of Seized Property. Wells’ Motion for Sanctions was denied and Standard’s Exception of No Cause of Action was granted.

J¿DISCUSSION

Wells argues that the trial court erred by: (1) failing to transcribe the hearing on the Petition for a Preliminary Injunction and Motion to Compel Standard to Appear at a Deposition; (2) holding one cannot pray for damages and sanctions in the petition for injunctive relief; (3) failing to sanction Standard for failure to appear at a deposition; (4) failing to issue a preliminary injunction; (5) requiring more than a *95 cost bond for the suspensive appeal; (6) dismissing the lis pendens; (7) granting Standard’s Exception of No Cause of Action; and (8) finding Wells had no cause of action because the injunction and/or damage petition was included in the same case as the Petition for Executory Process.
Under La. C.C.P. art. 2751, “[t]he defendant in the executory proceeding may arrest the seizure and sale of the property by injunction when the debt secured by the security interest, mortgage, or privilege is extinguished, or is legally unenforceable, or if the procedure required by law for an executory proceeding has not been followed.” The issues for this Court to address are whether Standard was the proper entity to move for executory process and whether Standard properly followed the procedure for executory process.
Under La. R.S. 9:4422(2) when there is a foreclosure by executory process, “[t]he assignment, pledge, negotiation, or other transfer of any obligation secured by a mortgage or privilege may be proven by any form of private writing, and such writing shall be deemed authentic for the purposes of executory process.” Wells argues there was no legal assignment of the mortgage note or a corporate resolution giving authority to anyone to transfer the mortgage note. The record contains a copy of the “Assignment of Note' and Mortgage,” and in the signature portion of the note itself it states “Pay to the Order of Standard Mortgage Incorporation Without Recourse: By: Gilyot Mortgage Corporation” where Wells and a corporate officer for Gilyot Mortgage Corporation and Standard all signed. According to La. R.S. 9:4422(2), the assignment may be proven by any writing, in this case “the assignment,” and it must be deemed authentic for the purpose of the executory process. Therefore, we find there was no procedural error by Standard petitioning for execu-tory process whereby an authentic assignment was attached to the petition.
Wells further argues that the ex-ecutory proceedings were improper because the amount of the debt continued to change during the course of the proceedings. Further, Wells attempted to determine the amount in question by deposing an officer of Standard, but Standard refused to appear at any of the three scheduled depositions. Proof of the existence of a debt on which the suit is based is a link in the chain of evidence necessary to justify executory proceedings. Louisiana National Bank of Baton Rouge v. Heroman, 280 So.2d 362 (La.App. 1 DCA 1973), citing, American Budget Plan, Inc. v. Small, 229 So.2d 190, 193 (La.App. 4 Cir.1969). In the Petition for Executory Process, Standard prayed for the principal sum of $24,786.72 with 8.5% interest thereon from February 1, 2001, until paid, together with accumulated late charges, any additional amounts advanced by Standard for taxes, insurance, assessments, • .repairs - to and maintenance and preservation of the mortgaged property. Standard also prayed for 25% attorney’s fees on the total amount of the principal, interest and all current and future advances, together with all costs of the executory proceedings. The trial court granted this. in the Writ of Seizure and Sale. From the record, the amount due continued to increase throughout the proceedings as the taxes, insurance, late charges, and inspection and preservation costs for the mortgage property continued to accrue in accordance |5with the writ. We do not find there was any procedural error in the executory proceedings by incorporating the accruing costs into the final amount due. Therefore, this argument is without merit.
Wells offers two defenses as to why she was in arrears on her mortgage payments: (1) Standard refused to accept her *96 payments and (2) Standard was negligent dispersing money from the insurance claim resulting in unnecessary financial hardship on Wells. Neither of these claims is a ground for arresting the seizure and sale of Wells’ property, because Wells has not shown that the debt is legally unenforceable or has been extinguished. Wells acknowledges that the mortgage still burdens her property, but has entered no evidence into the record that valid attempts were made to make the mortgage payments. In the alternative, Wells argues Standard’s mismanagement of insurance funds was the cause of her failure to make the mortgage payments. However, Wells offers no evidence that this took place or that Standard’s alleged actions violate the executory process.
Wells also argues the trial court erred by not sanctioning Standard for failure to appear at any of the three scheduled depositions. Wells issued subpoenas for the purpose of deposing Standard to determine the amount due from the execu-tory proceeding. However, Standard provided updated arrears values to Wells and the lower court at various stages of the proceedings, which were the same information to be elicited from the depositions. The trial court denied Wells’ motion to compel Standard to appear at a deposition, and furthermore the trial court granted Standard’s Exception of No Cause of Action, which makes discovery a moot issue. We find no error by the trial court for denying Wells’ Motion for Sanctions, because there was no cause of action and the information to be discovered was 1 fientered into the record. Further, the awarding of sanctions is a discretionary matter for the trial court and we find the trial court did not abuse its vast discretion.
Wells argues that the trial court erred by requiring a cost bond more than the suspensive appeal. The cost bond in this case was set for $15,000. Under La. C.C.P. art. 2642, in a suspensive appeal “the security therefore shall be for an amount exceeding by one-half the balance due on the debt secured by the mortgage or privilege sought to be enforced, including principal, interest to date of the order of appeal, and attorney’s fee, but exclusive of court cost.” The trial court did not require a cost bond more than the appeal, but instead required a bond less than required under the article because the principal under the mortgage note was $24,786.72 which did not include the interest and attorney’s fees.
Wells contends that the trial court erred by not transcribing the hearing for Wells’ Petition for a Preliminary Injunction and Motion to Compel Standard to Appear at a Deposition. There is no requirement that oral arguments at a hearing be transcribed. Finally, because we find no error on the part of the trial court as to the executory proceedings, this Court will pretermit discussion of the assignment of errors regarding the preliminary injunction, and damages and sanctions for in-junctive relief.

CONCLUSION

For the reasons cited above, we find no error on the part of the trial court and affirm its rulings in this matter.
AFFIRMED.