KUHN, J.
 

 12Plaintiff-appellant, Gerald Lynn Avery, appeals the trial court’s judgment, sustaining the peremptory exceptions raising the objections of
 
 res judicata
 
 and no cause of action of defendant, CitiMortgage, Inc. (Ci-tiMortgage) and dismissing his petition seeking annulment of a judgment obtained through executory process and return of his residence or, alternatively, damages for negligence and unjust enrichment. We reverse in part and affirm in part.
 

 PROCEDURAL BACKGROUND
 

 Avery filed a petition seeking, among other things, the return of his residence, located in the South St. Gerard subdivision in Baton Rouge, or damages. According to Avery’s petition, on August 18, 2005, CitiMortgage sued to collect, via executory process, the purported balance due on a promissory note, along with interest, late charges, attorney fees and amounts advanced for the protection and preservation of the property subject to the lien of the mortgage. Pursuant to a judgment rendered in that lawsuit, Avery’s residence was seized and sold.
 

 In August 2001, the United States Department of Veterans Affairs adjudicated Avery an incompetent beneficiary and pursuant thereto, the Twenty-Fourth Judicial District Court appointed the defendant, Gulf Coast Bank and Trust Company (“Gulf Coast”), as Avery’s curator empowered to disburse his monthly veteran’s compensation for his benefit, including making his monthly mortgage payments.
 
 [1]
 
 Avery averred that Gulf Coast properly made those monthly mortgage payments to CitiMortgage, but that they were not properly credited to his account |3by Citi-
 
 *242
 
 Mortgage.
 
 [2]
 
 Thus, he sought to have the executory-process judgment annulled. Alternatively, as raised in his original and amended and supplemental petition, Avery sought damages from CitiMortgage due to its improper crediting of payments tendered by Gulf Coast on his behalf and for unjust enrichment based on CitiMort-gage’s retention of any funds rightfully belonging to him.
 

 CitiMortgage filed peremptory exceptions objecting to Avery’s petition on the basis of
 
 res judicata
 
 and failure to state a cause of action for which relief may be granted.
 
 [3]
 
 After a hearing, the trial court sustained both exceptions. A judgment issued in conformity with the trial court’s rulings and dismissing all the claims filed by Avery with prejudice was subsequently signed by the trial judge. Avery appeals.
 

 RES JUDICATA
 

 A judgment of dismissal with prejudice shall have the effect of a final judgment of absolute dismissal after trial. La. C.C.P. art. 1673. A final judgment is conclusive between the parties except on direct review under La. R.S. 13:4231. A final judgment acquires the authority of the thing adjudged if no further review is sought within the time fixed by law or if the judgment is confirmed on review. La. C.C. art. 3506(31);
 
 Tolis v. Board of Supervisors of Louisiana State University,
 
 95-1529, p. 2 (La.10/16/95), 660 So.2d 1206, 1206.
 

 14The doctrine of
 
 res judicata
 
 is defined by La. R.S. 13:4231, which provides:
 

 Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
 

 (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
 

 (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
 

 (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
 

 Ordinarily, a second action is barred because it arises out of the same occurrence as the prior action. This provides judicial economy and fairness because the plaintiff must seek all relief and assert all rights arising from the same occurrence in the first action. “[I]t would not matter whether the cause of action asserted in the second action was the same as that asserted in the first or different as long as it
 
 *243
 
 arose out of the transaction or occurrence that was the subject matter of the first action.” La. R.S. 13:4231 Comments-1990(a). When the judgment is in favor of the plaintiff, all causes of action asserted are extinguished and merged in the judgment. Causes of action that were not asserted by the plaintiff are extinguished and barred by the judgment. La. R.S. 13:4231.
 

 La. R.S. 13:4231 provides a broad application
 
 of res judicata;
 
 the purpose is to foster judicial efficiency and protect the defendants from multiple lawsuits.
 
 Leon v. Moore,
 
 98-1792, p. 4 (La.App. 1st Cir.4/1/99), 731 So.2d 502, 505,
 
 unit 5denied,
 
 99-1294 (La.7/2/99), 747 So.2d 20. However, there are exceptions to this broad application including when exceptional circumstances justify relief from the
 
 res judicata
 
 effect of the judgment. La. R.S. 13:4232(1).
 

 Generally, to dismiss Avery’s action on the basis of
 
 res judicata,
 
 a court must find: (1) the judgment in the executory process lawsuit is valid; (2) the judgment is final; (3)the parties are the same; (4) the cause or causes of action asserted in the present suit existed at the time of the final judgment; and (5) the cause or causes of action asserted in the present petition arose out of the transaction or occurrence that was the subject matter of the executory process lawsuit.
 
 See Smith v. LeBlanc,
 
 2006-0041, p. 4 (La.App. 1st Cir.8/15/07), 966 So.2d 66, 70.
 

 The party raising the objection of
 
 res judicata
 
 bears the burden of proving the essential facts to support the objection.
 
 Id.
 
 The doctrine, however, cannot be invoked unless all its essential elements are present. It is strictly construed, and any doubt concerning its applicability is to be resolved against the party raising the objection.
 
 Id.
 

 Executory proceedings are those which are used to effect the seizure and sale of property, without previous citation and judgment, to enforce a mortgage evidenced by an authentic act importing a confession of judgment. La. C.C.P. art. 2631. Defenses and procedural objections to an executory proceeding may be asserted either through an injunction proceeding to arrest the seizure and sale as provided in Articles 2751 through 2754, or a suspen-sive appeal from the order directing the issuance of the writ of seizure and sale, or both. La. C.C.P. art. 2642.
 

 | fiThe defendant in the executory proceeding may arrest the seizure and sale of the property by injunction when the debt secured by the security interest, mortgage, or privilege is extinguished, or is legally unenforceable, or if the procedure required by law for an executory proceeding has not been followed. La. C.C.P. art. 2751. And as a general rule, in an appeal from an order issuing a writ of seizure and sale via executory process, the sole contention that can be raised is the authenticity of the process itself.
 
 Commercial Securities Co., Inc. v. Ross,
 
 318 So.2d 668, 670 (La.App. 2d Cir.1975);
 
 see also Wells v. Standard Mortgage Corp.,
 
 2002-0895, p. 3 (La.App. 4th Cir.10/9/02), 865 So.2d 93, 95,
 
 writ denied,
 
 2002-2782 (La.1/24/03), 836 So.2d 52 (noting that on appeal of a judgment denying a defendant injunctive relief to suspend the seizure and sale of her property, the issues before the court were whether the plaintiff was the proper entity to move for executory process and whether plaintiff followed the procedure for executory process).
 

 In his petition, Avery concedes that CitiMortgage successfully seized and sold his residence via executory process. Nothing in the record establishes that he timely appealed the judgment rendered in that matter or attempted to arrest the
 
 *244
 
 seizure and sale of his residence, and Avery does not contend that he did so. On appeal, Avery does not dispute that the parties in the executory process lawsuit are the same. Thus, it is undisputed that the judgment in the executory process lawsuit is valid; the judgment is final; and the parties in the two lawsuits are the same. And clearly, the two lawsuits arise out of the same transaction or occurrence: the foreclosure of Avery’s residence. The executory process lawsuit was allegedly due to the failure of payments to be credited to Avery’s CitiMortgage account; and 17this suit alleges Avery is entitled to an annulment of the earlier judgment and, alternatively, to damages for the negligent management of the payments made to Ci-tiMortgage and unjust enrichment.
 

 Avery narrowly focuses his challenge on appeal to the trial court’s
 
 res judicata
 
 dismissal of all his claims. Specifically, he urges that exceptional circumstances justify relief from the
 
 res judicata
 
 effect of the executory-process judgment insofar as his claims for damages arising from CitiMort-gage’s alleged negligence (i.e., that Citi-Mortgage accepted monthly mortgage payments from Gulf Coast, but failed to properly credit his account) and for unjust enrichment constitute causes of action that warrant relief from the
 
 res judicata
 
 effect of the earlier judgment. We agree.
 

 Because the executory process lawsuit involved foreclosure of his residence through executory process, Avery was procedurally prohibited from bringing his ordinary negligence action in the executory proceeding.
 
 See Wells v. Standard Mortgage Corp.,
 
 2002-1984, p. 7 (La.App. 4th Cir.7/9/03), 865 So.2d 112,
 
 116, writ denied,
 
 2003-2262 (La.11/14/03), 858 So.2d 439. Although it appears that Avery did not attempt to arrest the seizure and sale of his residence by injunction under La. C.C.P. art. 2751 or to timely appeal the executory-process judgment, this lack of action on his part is of no moment because Avery is not asserting that the debt was legally unenforceable or that it had been extinguished as required to obtain injunc-tive relief.
 
 See Wells,
 
 2002-1934 at p. 5, 865 So.2d at 116. The complicated procedural posture of the respective actions in relation to each other and the unsettled nature of the law constitute exceptional circumstances justifying relief from the effect of the doctrine as to the claim for damages as a result of CitiMortgage’s alleged improper crediting of payments tendered by Gulf Coast on his behalf and for unjust enrichment caused by 1 sCitiMortgage’s alleged retention of any funds rightfully belonging to him.
 
 See
 
 La. R.S. 13:4232(A)(1). Accordingly, the trial court erred in dismissing these claims for damages.
 

 Moreover Avery does not raise any contentions that, at the time of the execu-tory process lawsuit, the debt was legally unenforceable, that the debt had been extinguished, or that the procedure required by law for an executory proceeding had not been followed, as was required to arrest the seizure and sale of his residence. See La. C.C.P. art. 2751. Further, he has failed to establish that even if one of these grounds for annulment of the executory-process judgment and for return of his residence did exist, that such did not exist at the time of the executory proceeding so as to bar the application of
 
 res judicata
 
 to this claim. In other words, if Avery had asserted a valid nullity action claim, it would have existed at the time of the final judgment in the executory proceeding and, therefore, cannot be asserted in this lawsuit. And because the other
 
 res judicata
 
 requirements were established by this record insofar as the nullity action claim, the trial court correctly dismissed that portion of Avery’s petition seeking annulment of
 
 *245
 
 the executory-process judgment and return of his residence.
 

 NO CAUSE OF ACTION
 

 Avery also challenges the trial court’s sustaining of the objection of no cause of action to dismiss the damage claims asserted in his petition.
 
 [4]
 

 lflThe function of the peremptory exception of no cause of action is to question whether the law extends a remedy to anyone under the factual allegations of the petition. The objection of no cause of action is designed to test the legal sufficiency of the petition by determining whether plaintiff is afforded a remedy in law based on the facts alleged in the pleading.
 
 Fink v. Bryant,
 
 2001-0987, p. 3 (La.11/28/01), 801 So.2d 346, 348-49. No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. La. C.C.P. art. 931. The exception is triable on the face of the papers and for the purposes of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. In reviewing a trial court’s ruling sustaining an exception of no cause of action, the appellate court should subject the case to
 
 de novo
 
 review because the exception raises a question of law and the trial court’s decision is based only on the sufficiency of the petition. Simply stated, a petition should not be dismissed for failure to state a cause of action unless it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief.
 
 Fink,
 
 2001-0987 at p. 4, 801 So.2d at 349.
 

 The facts that Avery alleges in his petition that entitle him to damages are that CitiMortgage received from Gulf Coast payments for his mortgage indebtedness, but that CitiMortgage did not credit his account. He also avers that its retention of these payments unjustly enriched Citi-Mortgage. Taking these facts as true for purposes of evaluating the exception of no cause of action, we find that Avery has presented a scenario that states a cause of action against CitiMortgage on the face of the petition.
 
 See Standard Mortgage Corp.,
 
 2002-1934 at p. 8, 865 10So.2d at 117. Therefore, the trial court erred in granting CitiMortgage’s exception of no cause of action to dismiss Avery’s claim for damages.
 

 DECREE
 

 For these reasons, that portion of the trial court’s judgment granting the peremptory exception of res
 
 judicata
 
 and no cause of action to Avery’s claim for damages is reversed; and that portion of the trial court’s judgment granting the peremptory exception of
 
 res judicata
 
 insofar as Avery’s nullity action claim is affirmed.
 
 [5]
 
 Appeal costs are assessed against defendant-appellee, CitiMortgage, Inc.
 

 REVERSED IN PART; AFFIRMED IN PART.
 

 [1]
 

 .
 
 See
 
 the Uniform Veterans' Guardianship Law set forth at La. R.S. 29:351-374.
 

 [2]
 

 . In naming Gulf Coast as a defendant Avery alleges, in the alternative, that Gulf Coast owed a duty to timely pay his monthly mortgage payments on the residence and failed to do so and seeks damages for this failure or for unjust enrichment.
 

 [3]
 

 . CitiMortgage initially filed dilatory exceptions of lack of procedural capacity and nonconformity of the petition, complaining that as an incompetent, Avery lacked capacity to file the petition for nullity on his own behalf. The parties subsequently entered into a written stipulation agreeing that Avery’s adjudication as an incompetent constituted a limited interdiction and that at all times he maintained his rights and authority to sue and be sued, thereby resolving the dilatory objections.
 

 [4]
 

 . Because we have found that the trial court correctly dismissed Avery's nullity action claim on the basis of
 
 res judicata,
 
 it is unnecessary to review whether his petition stated a cause of action for nullity relief.
 

 [5]
 

 . Although Avery complains that the trial court erroneously denied his motion to continue, because he did not comply with La. District Court Rules Rule 9.8 by timely filing his pleading, we find no error in the trial court's implicit ruling concluding that he failed to show good cause or the necessity for an expedited hearing.