GUIDRY, J.
1 ^Appellant seeks review of a judgment dismissing her claim for damages relative to executory process proceedings in which her home was seized and sold at a sheriffs sale. For the following reasons, we reverse.
FACTS AND PROCEDURAL HISTORY
On June 25, 2001, Angela C. Bajoie, also known as Angela Laws Bajoie, executed a mortgage note for the repayment of a loan from Mortgage Lenders Network USA, Inc., in the amount of $48,750.00. In connection with the note, she executed a mortgage on her property located at 6562 Djuanna Drive in Baton Rouge, Louisiana, to secure the note. Mortgage Lenders Network USA later assigned the note and mortgage to Bankers Trust Company by notarial endorsement. Thereafter, on July 6, 2007, Bankers Trust Company, by then known as Deutsche Bank Trust Company Americas (“Deutsche Bank”),[1] assigned the note to JPMorgan Chase Bank, N.A. (“JPMorgan Chase”).
Shortly thereafter, on July 17, 2007, the law firm of Dean Morris, L.L.P. filed a petition to enforce security interest by ex-ecutory process in the name of JPMorgan Chase in the Nineteenth Judicial District Court under docket number 557,287. In response, Ms. Bajoie instituted Chapter 13 bankruptcy proceedings in the United States Bankruptcy Court for the Middle District of Louisiana. On November 29, 2011, a motion was filed by the bankruptcy trustee to convert the Chapter 13 proceedings, because Ms. Bajoie failed to make payments according to the terms of the bankruptcy plan. Then, on March 9, 2012, the bankruptcy court dismissed Ms. Ba-joie’s Chapter 13 case.
Following the dismissal of Ms. Bajoie’s Chapter 13 case, the executory process proceedings under docket number 557,287 were re-instituted, in response to |swhich, Ms, Bajoie filed a motion for emergency injunction in another division of the Nineteenth Judicial District Court, under dock *1100 et number 612,486, to stay a sheriffs sale of her property scheduled for May 30, 2012. Judge Wilson E. Fields stayed the sale. Subsequently, Ms. Bajoie filed a petition claiming damages against JPMorgan Chase under the- same docket number, 612,486, and later added claims against ASC,[2] Wells Fargo Bank N.A.,[3] Dean Morris, L.L.P., and Deutshce Bank, for damages allegedly sustained as a result of the executory process proceedings.
On June 10, 2014, JPMorgan Chase filed a motion for summary judgment under docket number 612,486, asserting that it never filed nor authorized the filing of the executory process proceedings initiated against Ms. Bajoie, and therefore, should not be held liable for any alleged deficiencies in the proceedings. JPMorgan Chase requested that its motion be granted to dismiss all of Ms. Bajoie’s claims against it with prejudice. In support of its motion for summary judgment, JPMorgan Chase attached the affidavit of Lindsay D. House, assistant secretary for JPMorgan Chase, wherein she stated that JPMorgan Chase did not authorize the filing of the petition for executory process nor did it hire Dean Morris, L.L.P. to file such an action. JPMorgan Chase also attached a copy of a “Corporate Assignment of Mortgage” dated June 7, 2012, but signed on July 12, 2012, wherein JPMorgan Chase assigned the June 25, 2001 mortgage executed by Ms. Bajoie to Deutsche Bank.[4]
|4The trial court denied the motion for summary judgment based on a finding that genuine issues of material fact existed precluding the grant of summary judgment. On supervisory review, however, this court granted JPMorgan Chase’s writ application, reversed the judgment of the trial court, and entered judgment in favor of JPMorgan Chase dismissing Ms. Bajoie’s claims against it with prejudice. Bajoie v. JPMorgan Chase Bank, N.A., 14-1321 (La. App. 1st Cir. 10/21/14), 2014 WL 12569825(unpublished writ action). The Louisiana Supreme Court subsequently denied a writ application filed by Ms. Ba-joie seeking review of that writ decision. Bajoie v. JPMorgan Chase Bank, N.A., 14-2611 (La. 3/6/15), 160 So.3d 1287.
In the meantime, in the executory process proceedings instituted under docket number 557,287, the trial court granted an ex-parte motion to substitute Deutsche Bank as proper party plaintiff on February 22, 2013. Then, on October 1, 2014, Ms. *1101 Bajoie’s property was sold at a sheriffs sale. Following the sale, Ms. Bajoie was served with a notice for eviction dated March 24, 2015, ordering her to vacate the property by April 10, 2015. In response to the eviction action, Ms. Bajoie filed a “Petition for a Temporary Restraining Order Suspending the Eviction and/or Preliminary Injunction and/or Permanent Injunction and/or for the Return of the Property and to Annul the Sheriff Sale” on June 23, 2015. Judge William A. Morvant summarily denied the relief requested in the petition, stating:
[T]he request for a TRO is made eight months after the sheriffs sale in this executory proceeding was held and the executory proceeding was completed. It is an out' of time attack on the sale and mover has shown no basis in law or in fact for the relief requested. The court also questions whether the relief sought regarding suspension of any | ^pending eviction proceedings should have been instituted in a separate suit so as not to violate random allotment. Moreover, mover has not shown any basis for irreparable injury nor has mover complied [with] CCP 3603(A)(2).
As for the damages action under docket 612,486, on March 9, 2016, Wells Fargo and Deutsche Bank filed a dilatory exception urging the objections of vagueness and ambiguity and a peremptory exception urging the objections of res judicata and no cause of action.[5] On May 23, 2016, Dean Morris, L.L.C. filed exceptions raising the same objections as raised by Wells Fargo and Deutsche Bank. The trial court scheduled those exceptions to be heard on the same date and in the same hearing as Wells Fargo and Deutsche Bank’s exceptions. Following a hearing on June 27, 2016,[6] at which Ms. Bajoie was represented by counsel, the trial court rendered .judgment sustaining the exception raising the objection of res judicata. In a July 25, 2016 judgment, the trial court decreed that it was granting the peremptory exception raising the objection of res judicata, and in so ruling, it denied the exceptions raising the objections of vagueness, ambiguity, and no cause of action as moot. Finally, the court dismissed Ms. Bajoie’s claims against *1102 Wells Fargo and Deutsche Bank with prejudice.
|hMs. Bajoie has appealed the July 25, 2016 judgment, in proper person.
DISCUSSION
On appeal, Ms. Bajoie essentially challenges the trial court’s decision to sustain Wells Fargo and Deutsche Bank’s peremptory exception raising the objéction of res judicata to dismiss her suit with prejudice. Initially, we observe that although at the June 27, 2016 hearing, the trial court heard and considered the exceptions filed by the Dean Morris law firm, as well as those asserted by Wells Fargo and Deutsche Bank, the July 25, 2016 judgment only mentions and renders judgment in favor of Wells Fargo and Deutsche Bank. According to a January 4, 2017 minute entry, the trial court apparently signed a second judgment relative to the June 27, 2016 hearing; however, that judgment does not appear in the record before us.
Turning to the judgment before us, we find that the trial court erred in finding that res judicata barred Ms. Bajoie’s action for damages. The doctrine of res judi-cata is defined by La. R.S. 13:4231, which provides:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment' is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the-litigation are extinguished and merged in the judgment.
(2) If-the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3)A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
However, there are exceptions to the broad application of res judicata and .any doubt concerning its applicability is to be resolved against the party raising the objection. Avery v. CitiMortgage, Inc., 08-2052, p. 5 (La. App. 1st Cir. 5/13/09), 15 So.3d 240, 243: see also La. R.S. 13:4232.
In Avery, this court found that res judi-cata barred the. plaintiff s claim that the executory process judgment was a nullity, because the plaintiff could not show that the debt was legally unenforceable, that the debt had been extinguished, that the procedure required by law had not been followed, or that proof of any of those grounds, if any existed, did not exist at the time of the executory process proceedings, Avery, 08-2052 at p. 8, 15 So.3d at 244-45. As for the plaintiffs negligence claim, however, this court found that “[t]he complicated procedural posture of the [executory proceeding and the ordinary proceeding] in relation to each other and the unsettled nature of the law constitute, exceptional circumstances justifying relief from the effect of the doctrine [of res judicata ] as to the claim for damages.” Avery, 08-2052 at pp. 7-8, 15 So.3d at 244 (citing La. R.S. 13:4232(A)(1)).
Like the plaintiff in Avery, who alleged that the mortgagee failed to properly credit his account, in her “Third Amended and Supplemental Petition for Damages,” Ms. Bajoie alleged the following as the injurious acts committed by Wells Fargo and Deutsche Bank:
23.
[[Image here]]
*1103 J. Angela Bajoie worked to pay the mortgage note pursuant to an agreement that was reached with America’s Servicing Company, however, America’s Servicing Company would accept certain payments and send others back to Angela Bajoie;
K. The payment issue described in Paragraph 22(J) herein created an opportunity for the June 25, 2001, mortgage note to be foreclosed upon;
[[Image here]]
24.
I sWells Fargo Bank, N.A., is liable to Angela Bajoie in the following manners:
A. Breaching its payment agreement by. sending submitted payments back to Angela Bajoie and failing to properly account for the payments it received, which caused the foreclosure process to proceed;
B. Completing and issuing a fraudulent assignment of mortgage note ■ for the purposes of aiding in the Foreclosure Filing;
C. Unfair Trade Practices with respect to the breach of its payment agreement with Angela Bajoie, and in its issuance of a fraudulent assignment of mortgage note for the purposes of aiding in the Foreclosure Filing; and
D. Causing the home of Angela Bajoie to be foreclosed upon, seized and sold.
25.
Deutsche Bank Trust Company Americas is liable to Angela Bajoie for the actions ofits mandatary/attorney-in-fact Wells Fargo Bank, N.A.
As recognized by this court in Avery, Ms. Bajoie was procedurally prohibited from bringing her ordinary negligence action in the executory proceeding. See Avery, 08-2052 at p. 7, 15 So.3d at 244. When a party is procedurally barred from bringing an ordinary action in an executo-ry proceeding, the doctrine of res judicata does not bar him from raising those claims in another proceeding. Deutsche Bank Trust Company America v. Ochoa, 12-800, p. 5 (La. App. 5th Cir. 5/23/13), 120 So.3d 735, 739. Hence, in accord with this court’s decision in Avery, we reverse the trial court’s judgment sustaining the peremptory exception raising the objection of res judicata as to Ms. Bajoie’s claim of damages. See also Aaron & Turner, L.L.C. v. Perret, 07-1701, p. 6 (La. App, 1st Cir. 5/4/09), 22 So.3d 910, 914 (on rehearing), writ denied, 09-1148 (La. 10/16/09), 19 So.3d 476 (“To the extent that the trial judge in this ordinary proceeding relied on a ruling made by the judge in the executo-ry process action, that reliance was in error”); Wells v. Standard Mortgage Corp., 02-1934, p. 7 (La. App. 4th Cir. 7/9/03), 865 So.2d 112, 116, writ denied, 03-2262 (La. 11/14/03), 858 So.2d 439.
CONCLUSION
For the foregoing reasons, we reverse the judgment of the trial court sustaining the peremptory exception raising the objection of res judipata and dismissing with prejudice Ms. Bajoie’s claim for- damages against Wells Fargo and. Deutsche Bank. We pretermit consideration -of the remaining assignments of error/arguments raised by Ms. Bajoie and remand this, matter to the trial court for further consideration consistent with the reasoning and law cited herein. All ..costs of this appeal are cast to the appellees, Wells Fargo. Bank, N.A. and Deutsche Bank Trust Company Americas.
REVERSED AND REMANDED.
McClendon, J., concurs for reasons assigned.

, According to an Officer’s Certificate and a corporate resolution that appears in the record, the corporate name of Bankers Trust Company was changed to Deutsche Bank National Trust Company on April 15, 2002.

. ASC stands for America's Servicing Company.

. In an email dated November 21, 2014, a representative of Deutsche Bank explained to Ms. Bajoie that "Deutsche Bank is the Trustee and we manage the trust that your mortgage is in. However, Wells Fargo owns and services your loan and is responsible for the [executory process] proceedings.”

. In a letter dated August 26, 2014, JPMorgan Chase provided the following explanation to Ms. Bajoie regarding why it executed the June 7, 2012 assignment:
As you know, your loan originated with Bank One, which merged with Chase in 2004. Prior to the merger, you refinanced your loan with America’s Servicing Compa-
ny, paying off your debt to Bank One. Please note that this is why we could not locate your loan in our systems.
While Chase does not have an interest in your property, we still needed to complete an Assignment of Mortgage to transfer the ownership of the loan from Bank One to Deutsche Bank. Any delay in reassignment had no effect on your loan's servicing by America's Servicing Company. We are enclosing a copy of the assignment for your records.
Chase has had no part in any pending foreclosure of your property. As detailed in the enclosed signed Affidavit, Chase did not authorize filing foreclosure and did not hire Dennis [sic] Morris LLP to begin foreclosure. We have verified with the foreclosure attorney that Chase has been removed as a plaintiff.

. Wells Fargo and Deutsche Bank previously filed exceptions raising all the same objections, except res judicata, on October 22, 2014, but they were overruled by the trial court. Wells Fargo and Deutsche Bank then filed a writ application with this court seeking supervisory review of the trial court’s ruling. On supervisory review, this court granted the writ application, reversed the judgment of the trial court, and rendered judgment sustaining the objections as to vagueness and ambiguity. The matter was then remanded to the trial court with instructions to allow Ms. Bajoie "to attempt to remove the ambiguity and vagueness” and “to assert what, if anything, the defendants did or did not do relative to these, or any other events, that have allegedly caused her harm, and describe, if she can, any harm suffered. Failing this, the plaintiff's petition should be dismissed. If the plaintiff amends her petition to remove the ambiguity and vagueness, the trial court must then address the exception of no cause of action.” Bajoie v. JPMorgan Chase Bank, N.A., 15-1540 (La. App. 1st Cir. 2/1/16)(unpublished writ action)
The trial court gave Ms. Bajoie 15 days to file an amended petition in accordance with this court’s writ decision. On April 4, 2016, an amended petition drafted by legal counsel was filed on behalf of Ms. Bajoie.

. An original hearing on the exceptions filed by Wells Fargo and Deutsche Bank was scheduled for April 25, 2016; however, during the hearing, the trial court granted a joint request for a continuance "to allow defendants to respond to the newly amended claims of plaintiff and to allow plaintiff to respond to exceptions filed by the defendants.” At the rescheduled hearing held on June 27, 2016, the trial court considered not only the exceptions filed by Wells Fargo and Deutsche Bank, but also those filed by Dean Morris law firm.