# STATE OF LOUISIANA
# COURT OF APPEAL, FIRST CIRCUIT

CALVIN J. HILL, INDIVIDUALLY
AND AS THE EXECUTOR OF THE
SUCCESSION OF ELNORA JOHNSON
HILL

NO. 2019 CW 1096

VERSUS

TMR EXPLORATION, INC., PARK
EXPLORATION, INC., AND VITOL
RESOURCES, INC.

NOV 2 5 2019

---

In Re:    Raymond J. Lasseigne, applying for supervisory writs,
          18th Judicial District Court, Parish of West Baton
          Rouge, No. 41245.

---

**BEFORE:    McDONALD, THERIOT, AND CHUTZ, JJ.**

**WRIT GRANTED.** The trial court's February 28, 2019 judgment denying Raymond J. Lasseigne's exception raising the objection of res judicata directed to Felix Hill's First Supplemental and Amending Petition of Intervention is reversed. All claims asserted by Felix Hill, plaintiff-in-intervention, against Raymond J. Lasseigne were dismissed with prejudice on July 1, 2015. Felix Hill did not seek a new trial in connection with the July 1, 2015 judgment nor did he appeal from this judgment. See **Hill v. TMR Exploration, Inc.**, 2016-0566 (La. App. 1st Cir. 6/13/17), 223 So.3d 556, writ denied, 2017-1163 (La. 10/27/17), 228 So.3d 1227. A judgment of dismissal with prejudice shall have the effect of a final judgment of absolute dismissal after trial. La. Code Civ. P. art. 1673. A final judgment is conclusive between the parties except on direct review; it acquires the authority of the thing adjudged if no further review is sought within the time fixed by law or if the judgment is confirmed on review. **Avery v. CitiMortgage, Inc.**, 2008-2052 (La. App. 1st Cir. 5/13/09), 15 So.3d 240, 242 (citations omitted). Although some of the plaintiffs successfully appealed from the July 1, 2015 judgment, a final judgment cannot be set aside or changed on appeal except as to those who are parties to the appeal. **DePhillips v. Hospital Services District No. 1 of Tangipahoa Parish**, 2017-1423 (La. App. 1st Cir. 7/18/18), 255 So.3d 1,5, writ granted, cause remanded, 2018-1386 (La. 12/17/18), 258 So.3d 584. Therefore, the July 1, 2015 judgment is a final judgment as to Felix Hill and bars relitigation of his claims against Raymond J. Lasseigne. Consequently, we grant the exception of res judicata filed by Raymond J. Lasseigne and dismiss the claims asserted against him by plaintiff-in-intervention, Felix Hill, with prejudice.

JMM
MRT
WRC

COURT OF APPEAL, FIRST CIRCUIT

*Raul Rud*
DEPUTY CLERK OF COURT
FOR THE COURT