| SUN REALTY, L.L.C. | * | NO. 2024-CA-0284 |
|---|---|---|
| VERSUS | * | |
| | | COURT OF APPEAL |
| DORIS J. DEROUSELLE A/K/A | * | |
| DORIS DEROUSELLE | | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2023-13437, DIVISION "A"
Honorable Ellen M. Hazeur, Judge
* * * * * *
**Judge Nakisha Ervin-Knott**
* * * * * *

(Court composed of Judge Paula A. Brown, Judge Tiffany Gautier Chase, Judge Nakisha Ervin-Knott)

Kenneth E. Pickering
Gary A. Cotogno
PICKERING & COTOGNO
1515 Poydras Street, Suite 430
New Orleans, LA 70112

      COUNSEL FOR PLAINTIFF/APPELLEE

R. Christian Bonin
Alexandre E. Bonin
Jean-Marc Bonin
BONIN LAW FIRM
4224 Canal Street
New Orleans, LA 70119

Thomas Ainsworth Robichaux
THE ACADIANA LAW FIRM, LLC
1317 Milan Street
New Orleans, LA 70115

      COUNSEL FOR DEFENDANT/APPELLANT

                                    **AFFIRMED**
                               **November 18, 2024**

Appellant-Defendant, Doris J. Derouselle ("Ms. Derouselle") appeals the trial court's granting of Appellee-Plaintiff's request for foreclosure by executory process and issuance of a writ of seizure and sale. For the following reasons, we affirm the trial court's ruling.

### RELEVANT FACTUAL AND PROCEDURAL HISTORY

On December 15, 2023, Appellee-Plaintiff, Sun Realty, L.L.C. ("Sun Realty"), filed a *Petition for Mortgage Foreclosure by Executory Process*. In the petition, Sun Realty alleged: (1) Ms. Derouselle executed a collateral mortgage note (the "Note") that was secured by an act of mortgage (the "Mortgage") in favor of Sun Realty's predecessor; (2) the Mortgage provided for an acceleration of the debt upon Ms. Derouselle's failure to pay the Note according to its terms; (3) the Note became due and eligible on April 21, 2023; and (4) as of October 16, 2023, the Note had a remaining balance of $78,402.36. Sun Realty attached to the petition a verification signed by its counsel, Michael D. Troendle; a certified copy of the Mortgage; and an Act of Endorsement from Sun Finance Company, LLC, transferring its interest in the Note to Sun Realty. Sun Realty subsequently filed

1

the Note into the record on December 27, 2023, and, on January 11, 2024, the trial court signed the order directing the Sheriff to seize and sell the Property.

Thereafter, on March 5, 2024, Ms. Derouselle filed a *Petition for Declaratory Judgment, Permanent Injunction and Damages and for Preliminary Injunction*, seeking to enjoin the foreclosure of the property, and a *Motion and Order for Suspensive Appeal*, seeking to appeal the issuance of the writ of seizure and sale.[1] The trial court granted Ms. Derouselle's suspensive appeal and denied her request to proceed with a preliminary injunction hearing in light of the suspensive appeal.

## ASSIGNMENTS OF ERROR

Ms. Derouselle's sole assignment of error is that the trial court erred in granting Sun Realty's request for foreclosure by executory process. In raising this error, Ms. Derouselle asserts two main arguments—(1) the evidence submitted in support of the petition was insufficient because Sun Realty failed to attach the Note when it filed the petition, and (2) the evidence submitted in support of the petition was inauthentic because opposing counsel's verification was deficient. Ms. Derouselle alternatively argues that she has paid the note in full and that Sun Realty has illegally overcharged her.

## DISCUSSION

### *Standard of Review*

Defenses and procedural objections to an executory proceeding may be raised through an injunction, a suspensive appeal, or both. La. C.C.P. art. 2642(A). When a party appeals an order issuing a writ of seizure and sale via executory

---

[1] Ms. Derouselle alleges in her motion for appeal that she was served with the writ of seizure and sale on February 20, 2024.

process, the only issue that may be reviewed is the authenticity of the executory process. *Avery v. CitiMortgage, Inc.*, 2008-2052, p. 6 (La. App. 1 Cir. 5/13/09), 15 So. 3d 240, 243 (first citing *Commercial Securities Co. v. Ross,* 318 So. 2d 668, 670 (La. App. 2d Cir. 1975); then citing *Wells v. Standard Mortgage Corp.*, 2002–0895, p. 3 (La. App. 4 Cir. 10/9/02), 865 So. 2d 93, 95). The authenticity of the executory process leading to the issuance of a writ of seizure and sale raises a legal question, which we review *de novo. See UMB Bank, Nat'l Ass'n v. Swafford*, 2023-0245, p. 4 (La. App. 4 Cir. 11/7/23), 377 So. 3d 347, 350 ("Legal issues . . . are reviewed *de novo* on appeal."); *see also Reaver v. Degas House, LLC*, 2022-0464, p. 3 (La. App. 4 Cir. 3/13/23), 359 So. 3d 570, 574 (citations omitted) ("[L] egal questions are reviewed utilizing the *de novo* standard of review.").

### *Foreclosure by Executory Process*

"Executory process is a unique and harsh remedy requiring strict construction." *U.S. Bank Nat'l Ass'n As Trustee for CIM Trust 2018-R5 Mortgage-Backed Notes, Series 2018-R5 v. Owen, et al*, 22-588, p. 3 (La. App. 5 Cir. 9/20/23), 370 So. 3d 1275, 1278 (citation omitted). A creditor must strictly comply with the letter of the law in order to be entitled to use the process. *Liberty Bank and Trust Co. v. Dapremont*, 2000-2146, p. 4 (La. App. 4 Cir. 12/12/01), 803 So. 2d 387, 389 (quoting *Aetna Life Ins. Co. v. Lama Trusts*, 28,328, p. 3 (La. App. 2 Cir. 5/8/96), 674 So. 2d 1086, 1089). Prior to issuing a writ of seizure and sale, the trial court must "satisfy itself that the plaintiff has established the right to use executory process." *U.S. Bank*, 22-588, p. 3, 370 So. 3d at 1278 (citing La. C.C.P. art. 2638).

In order to enforce a mortgage through executory process, the mover must provide authentic evidence of the instrument evidencing the obligation secured by

the mortgage and the act of mortgage importing a confession of judgment. *E.g., id.* at pp. 3-4, 370 So. 3d at 1278 (citing La. C.C.P. art. 2635(A)); *see also UMB Bank*, 2023-0245, p. 3, 377 So. 3d at 349-50. For the purpose of executory process, the note or other instrument evidencing the obligation secured by the mortgage is deemed authentic when it has been paraphed for identification with the act of mortgage or is secured by a security agreement subject to Chapter 9 of the Uniform Commercial Code. La. C.C.P. art. 2636(1). A certified copy of an authentic act, such as a mortgage, is also deemed authentic for the purpose of executory process. *Id.* 2632(2). A mortgage contains a confession of judgment when "the obligor therein acknowledges the obligation secured thereby, whether then existing or to arise thereafter, and confesses judgment thereon if the obligation is not paid at maturity." La. C.C.P. art. 2632.

***Whether Sun Realty submitted sufficient, authentic evidence to institute foreclosure proceedings via executory process***

As noted earlier, Sun Realty filed its petition for foreclosure by executory process on December 15, 2023 and attached, among other things, (1) a certified copy of the Mortgage that contains a confession of judgment by Ms. Derouselle; (2) the original act of endorsement of Sun Finance Company, LLC, transferring its interest in the Note to Sun Realty; and (3) a verification of the petition by Sun Realty's counsel. On December 27, 2023, Sun Realty supplemented the record with the Note executed between Sun Finance Company, LLC and Ms. Derouselle.

Ms. Derouselle's first argument is that the trial court should not have granted the petition for foreclosure because Sun Realty failed to attach the Note to its petition. However, Sun Realty supplemented the record with the Note prior to the trial court acting on the matter. Therefore, the issue is moot.

Ms. Derouselle also asserts that the verification by Sun Realty's attorney is insufficient and fails to authenticate the evidence submitted. Before addressing this argument, we note the law does not require that a petition for executory process be verified. *U.S. Bank Nat'l Ass'n v. Dumas*, 2012-1902, p. 21 (La. App. 1 Cir. 4/3/14), 144 So. 3d 29, 44 (citing La. C.C.P. art. 2634)(other citation omitted). Rather, as stated earlier, all that is required for foreclosure via executory process is authentic evidence of (1) the instrument evidencing the obligation secured by the mortgage and (2) the act of mortgage with a confession of judgment.

Here, Sun Realty produced the instrument of the obligation, i.e. the Note, and the Mortgage importing a confession of judgment. These documents are the bare minimum needed to establish a right to use executory process. *E.g.*, La. C.C.P. art. 2635(A). These documents are authentic for the purpose of executory process under La. C.C.P. art. 2636(1)-(2). Additionally, as Sun Realty was not the original holder of the Note, it produced the act of endorsement to establish itself as the rightful enforcer of the Note and proper party plaintiff. This assignment of the Note is an authentic act and is therefore authentic for the purpose of executory process. La. C.C.P. art. 2636(2). In light of the above, we find the trial court had sufficient evidence to establish that Sun Realty had the right to use executory process. *See U.S. Bank*, 22-588, p. 3, 370 So. 3d at 1278 (citing La. C.C.P. art. 2638).

La. C.C.P. art. 2636(8) provides a catchall that "[a]ll other documentary evidence recognized by law as authentic evidence" is deemed authentic for the purpose of executory process. This includes evidence submitted under La. R.S. 9:5555 and La. R.S. 10:9-629. *Id*. Sun Realty cites these two statutes in support of its contention that its verification is valid. Both statutes hold that the verification

may be based upon personal knowledge *or* upon information and belief derived from the records of the secured party. La. R.S. 9:5555(B); La. R.S. 10:9-629(a)(6) (emphasis added). Furthermore, both statutes provide that the verification does not need to specify the records upon which such knowledge, information, or belief is based. *Id*. The verification supplied in this case attests that Sun Realty's counsel received data sheets and other documents supplied in conjunction with the mortgage loan. These documents purportedly show that Ms. Derouselle defaulted on her obligation. Sun Realty's counsel further attests that the allegations set forth in the petition are true and correct. In its petition, Sun Realty alleges it is the holder of the Note secured by the Mortgage, that the amount owed under the Note became due on April 21, 2023, that Ms. Derouselle failed to pay all sums due under the Note, and that the Note contained a remaining balance of $78,402.36.

Based on all of the above, we find that Sun Realty presented sufficient evidence to institute foreclosure proceedings by executory process. Ms. Derouselle's arguments attacking the evidence submitted have no merit.

***Whether the trial court erred in granting foreclosure by executory process because the underlying debt has been extinguished***

Lastly, Ms. Derouselle asserts in her appeal that Sun Realty does not have the right to foreclose on her property because she has paid the mortgage in full and Sun Realty has been illegally over charging her. However, we are limited in this appeal to reviewing the authenticity of Sun Realty's petition for executory process. *E.g.*, *Avery*, 2008-2052 p. 6, 15 So. 3d at 243 (citations omitted). Moreover, Ms. Derouselle's alternative arguments pertain to issues not yet litigated before the trial court, and the record is currently devoid of evidence to support her allegations. Therefore, we pretermit any discussion regarding these issues.

6

**DECREE**

For the reasons stated above, we find that Sun Realty submitted documents that set forth a *prima facie* case of its right to execute foreclosure proceedings via executory process. As such, the trial court had sufficient evidence to grant Sun Realty's petition and order the issuance of a writ of seizure and sale. Therefore, we affirm the trial court's ruling.

**AFFIRMED**